# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JACK AKSEL RODE,                         )<br>                                                      )<br>                        Plaintiff,        )     Case No. 2:11-cv-01644-PMP-CWH<br>                                                      )<br>vs.                                               )     **Report and Recommendation**<br>                                                      )<br>FREDDIE MAC, *et al.*,                  )     **Plaintiff's Motion to Compel (#26)**<br>                                                      )<br>                        Defendants.    )<br>_____) | |

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Motion to Compel Defendants to Comply with Consent Order (#26), filed February 22, 2012, Defendant JP Morgan Chase Bank's ("JP Morgan") Response (#29), filed February 24, 2012, and Exhibit A to JP Morgan's Response (#31), filed February 27, 2012. Plaintiff's request is unclear. It appears Plaintiff seeks an order compelling JP Morgan to comply with certain terms and conditions of a consent order entered into between the United States, through the Board of Governors of the Federal Reserve System, and JP Morgan and its subsidiary EMC Mortgage Corporation.

After review, the Court finds that Plaintiff lacks standing to seek to enforce the provisions of the consent order. "A consent decree with the government as plaintiff is not enforceable by one who is not a party to the consent decree 'even though they were intended to be benefitted by it.'" *Richmond v. TRW Info Services Div.*, 1997 WL 1037886 *2 (S.D. Cal.) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975); *Hook v. State of Ariz. Dept. of Corrections*, 972 F.2d 1012, 1015 (9th Cir. 1992)). By its own terms, the consent order was not intended to provide "any benefit or any legal or equitable right, remedy, or claim" other than to the parties to the order. The consent order undoubtedly

outlines several corrective actions which may be of benefit to Plaintiff, but Plaintiff is not a party to the order and, therefore, lacks standing to enforce it.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion to Compel Defendants to Comply with Consent Order (#26) be **denied**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983). Based on the foregoing and good cause appearing therefore,

Dated: March 29th, 2012.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**